# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM J. PHILLIPS | § | |
| | § | |
| V. | § | A-19-CV-863-LY |
| | § | |
| CEDAR PARK POLICE DEPARTMENT | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff William J. Phillips' Complaint (Dkt. No. 1), and Advisory to the Court (Dkt. No. 5). The District Court referred Phillip's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

The Court granted Phillips *In Forma Pauperis* status by Order dated September 6, 2019. (Dkt. No. 4). The Court also withheld service upon Defendant pending this Court's review under § 1915(e). However, Phillips' Complaint was insufficient for the Court to complete a frivolousness review. Therefore, the Court entered the following Order:

> As such, Phillips is **ORDERED** to file by **September 27, 2019** a More Definite Statement that, at a minimum, answers the following questions:
>
> (1) What cause of action are you alleging; that is, what is the specific legal claim that you are making?
>
> (2) What is the factual basis for your claim — what happened that made you file this case?

        (3)       What is the date of these events?

        (4)       Who are you alleging harmed you?

        (5)       How exactly were you harmed?

        (6)       What relief are you seeking?

> Phillips is warned that, pursuant to Federal Rule of Civil Procedure 12(e), failure to comply with this Order within the time allotted will result in this Court's recommendation that this case be dismissed.

Dkt. No. 4 at 2-3.

On September 10, 2019, Phillips filed a document with the Court that appears to be in response to the Court's Order. The document consists of a copy of the September 3, 2019, letter sent to Phillips by the Clerk's Office, acknowledging receipt of his Complaint. Attached to the letter is documentation of three instances where Phillips complained to the City of Cedar Park about the behavior of Cedar Park Police. Specifically, Phillips complained that on January 30, 2019, at 3:35 a.m., he was asleep in his vehicle on private property when unknown officers "approached his vehicle started to strike it, forcing me to wake up." He also complains that on February 25, 2019, at 11:30 a.m., after he filed his first complaint, "I received another knock on my window while waiting on my girlfriend. . .the same parking lot where the first incident took place . . . he asked me what I was doing there and when I told him I'm a member of the gym, he told me he did not believe me and called for backup." Phillips states "I believe this is retaliation due to the first complaint." Phillips also includes a one-page document identifying a complaint he filed against a particular officer on July 17, 2019, but he does not give any facts in that document. In his Complaint, Phillips asserts he is claiming "harassment" and requests "reparations."

## II. ANALYSIS

Because Phillips has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Phillips sues the Cedar Park Police Department alleging "harassment" because on two occasions officers knocked on his window while he was in his parked car in a parking lot. First, the

Cedar Park Police Department is not a legal entity capable of being sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Phillips' claims against the Cedar Park Police Department should be dismissed. Second, Phillips has failed to identify a statute or cause of action under which he is bringing his claim of "harassment." Assuming, for the sake of argument, he is asserting a claim under 42 U.S.C. § 1983, he has failed to identify a constitutional violation. Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Despite being ordered to file a More Definite Statement, Phillips has failed to identify either prong of this standard and has failed to state a claim pursuant to 42 U.S.C. § 1983.

Lastly, Phillips has failed to properly respond to the Court's prior order asking that he answer specific questions set forth by the Court. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

### III. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DISMISS** Phillips' lawsuit with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of October, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE